UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACK C. KNAUS,

    Plaintiff,

v.                            Case No. 08-C-604

JOHN D. ADAMSKI and CINDY ADAMSKI,

    Defendants.

**ORDER**

    Pro se Plaintiff Jack C. Knaus filed this action on July 11, 2008 against Defendants John D. Adamski and Cindy Adamski. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

    Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2). An action is considered frivolous if there is no arguable basis for relief either in law or fact. *Neitzke*, 490 U.S. at 325.

In making such determinations, the Court must give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and must accept well-pleaded factual allegations as true. But even pro se allegations must contain at least "some minimum level of factual support." *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). Persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the Court must invent factual scenarios that cannot be inferred from the pleadings. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).

In his complaint, Knaus alleges that Defendant John Adamski and an accomplice broke into a bar and restaurant owned by Knaus, located at 4071 U.S. Highway 141 in Pound, Wisconsin, and seized property belonging to Knaus without any authority to do so. Knaus also alleges that a foreclosure proceeding involving that same property was conducted in violation of Wisconsin law. Of course, to the extent that Knaus is seeking to initiate criminal charges against the Defendants, his claims must fail, because there is no private right to enforce provisions of criminal law.

With regard to the foreclosure proceeding, Knaus describes his complaint as a "request that the Federal Court review all the facts that was [sic] appealed in the State of Wisconsin Court of Appeals," (Compl. 1) and alleges that the "whole procedure did not follow State Stat[utes]." (Compl. 3.) Such an attempt to seek relief in this Court from a state court judgment is barred by the Rooker-Feldman doctrine. Named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, (1923) and *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983), the doctrine provides that lower federal courts lack subject matter jurisdiction to hear claims seeking review of state court judgments, because "no

2

matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002). Accordingly, I find that Knaus has failed to set forth any actionable claim.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** for failure to state a claim.

Dated this   16th   day of July, 2008.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge